UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JAMES JESSE McLEMORE**                                                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 1:15CV-46-GNS**

**THE MEDICAL CENTER et al.**                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, James Jesse McLemore, filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff, who lives in Russellville, Kentucky, has filed a complaint and amended complaint. He sues The Medical Center in Bowling Green, Kentucky; Dr. J. Zhu at the Graves Gilbert Clinic in Bowling Green, Kentucky; and Dr. Chad Collins of The Medical Center. He makes various allegations concerning medical negligence in failing to conduct a specific spinal fluid test.

**II.**

"Because federal courts are courts of limited jurisdiction, the plaintiff must establish subject matter jurisdiction." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff's complaint cannot be premised on the diversity statute, 28 U.S.C. § 1332(a), as there is not complete diversity of citizenship between the parties. Under the diversity-of-

citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff does not claim that the action exceeds $75,000, and Plaintiff's address and Defendants' addresses are in Kentucky. Consequently, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

While jurisdiction in this Court also may be premised on a federal question, s*ee* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), nothing in the complaint suggests that Plaintiff is attempting to invoke federal-question jurisdiction. Without subject-matter jurisdiction, this Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.

Consequently, by separate Order, the Court will dismiss the instant action for lack of subject-matter jurisdiction.

Date: September 9, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
4416.009